Oakerlee FERNANDEZ, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 02–3116.

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 8, 2003.

Before CLEVENGER, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

Oakerlee I. Fernandez seeks review of the final decision of the Merit Systems Protection Board ("Board"), which denied her petition to review the administrative judge's decision dismissing her appeal under the doctrine of collateral estoppel. *Fernandez v. Office of Pers. Mgmt.*, No. DC3443010568–I–1 (M.S.P.B. Nov. 1, 2001). We *affirm*.

I

This case involves Ms. Fernandez's retirement contribution checks. She contends that she has never received her retirement contribution checks for 1976 and 1977. Ms. Fernandez appealed to the Board in 1998, seeking return to her of her retirement deductions for 1976 and 1977. That appeal was dismissed for lack of Board jurisdiction. *See Fernandez v. Office of Pers. Mgmt.*, No. DC3443980550–I–1, 81 M.S.P.R. 650 (M.S.P.B. July 20, 1998) (Initial Decision); *Fernandez v. Office of Pers. Mgmt.*, 81 M.S.P.R. 650 (1999) (table).

Ms. Fernandez appealed to the Board again in 1999 on the same request for return of her retirement contributions for

1976 and 1977. The Board dismissed that appeal on the ground of collateral estoppel, since the issue had been previously litigated between the parties and decided adversely to Ms. Fernandez. *See Fernandez v. Office of Pers. Mgmt.,* No. DC3443990560–I–1, 86 M.S.P.R. 39 (M.S.P.B. Aug. 6, 1999) (Initial Decision); *Fernandez v. Office of Pers. Mgmt.,* 86 M.S.P.R. 39 (2000) (table), *aff'd, Fernandez v. Office of Pers. Mgmt.,* 243 F.3d 567 (Fed.Cir.2000) (table). The Board considered the merits of her claim, and found that she had been sent the requested refunds on May 12, 1976, and August 29, 1977, despite her contention that she had not received the checks. The record in the case contained internal documents recording the payments.

Ms. Fernandez sought review in this court of the adverse decision by the Board on her 1999 appeal. We affirmed the Board's final decision, noting that the record demonstrates that she has received the funds she claims not to have received.

On May 4, 2001, Ms. Fernandez filed her third appeal to the Board seeking return of her 1976 and 1977 retirement contributions. The administrative judge assigned to her case dismissed her appeal, citing her previous cases seeking the same relief, and holding that she is barred by the doctrine of collateral estoppel from litigating again the issue upon which she has previously lost. As noted above, this court has held that she has no claim to the retirement contributions.

Ms. Fernandez sought review by the full Board of the initial decision of the administrative judge dismissing her appeal. The full Board denied her petition for review, and she then timely sought review in this court.

## II

We must affirm the final decision of the Board unless we deem it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000).

We discern no error in the final decision of the Board dismissing Ms. Fernandez's 2001 appeal. For the reasons well stated in the decision of the Board, Ms. Fernandez is barred from further litigation over the question of whether she received the retirement contribution checks for 1976 and 1977.